**\*\* E-Filed 06/10/09 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GEORGINE SCOTT CODIGA,<br><br>    Plaintiff,<br>  v.<br><br>COUNTY OF MONTEREY,<br><br>    Defendant.<br>_____/ | No. C09-01621 HRL<br><br>**ORDER (1) GRANTING DEFENDANT'S MOTION TO DISMISS AND (2) DENYING AS MOOT DEFENDANT'S MOTIONS FOR A MORE DEFINITE STATEMENT AND TO STRIKE**<br><br>**[Re: Docket No. 6]** |

   Plaintiff Georgine Scott Codgia is an employee of defendant County of Monterey in an unknown capacity. She filed administrative complaints against defendant for sexual discrimination and harassment with the Equal Employment Opportunity Commission ("EEOC") and California Department of Fair Employment and Housing ("DFEH"). After receiving a notice of a right to sue from DFEH,[1] plaintiff sued defendant for violations of Title VII of the Civil Rights Act, the Federal Equal Pay Act, the California Fair Employment and Housing Act, and the California Equal Pay Act. Codiga seeks general, special, and punitive damages; back pay; equitable relief; and attorneys' fees and costs.

   The County now moves to dismiss the complaint for failure to state a claim,[2] or in the alternative, for a more definite statement. Defendant also moves to strike plaintiff's request for punitive damages and attorneys' fees under her state law claims. Plaintiff does not oppose the

---

[1] Plaintiff has not yet received a right-to-sue letter from the EEOC. (Compl. ¶ 2.)
[2] Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties who have appeared have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned.

1  motion and requests leave to amend her complaint.  Pursuant to Civil Local Rule 7-1(b), the court

2  finds the matter suitable for determination without oral argument, and the June 16, 2009 hearing is

3  vacated.  The court grants defendant's motion to dismiss for failure to state a claim under Fed. R.

4  Civ. P. 12(b)(6).  The court denies as moot defendant's alternate motion for a more definite

5  statement under Fed. R. Civ. P. 12(e) and its motion to strike under Fed. R. Civ. P. 12(f).

## LEGAL STANDARD

On motion, a court may dismiss a complaint for failure to state a claim.  Fed. R. Civ. P. 12(b)(6).  The federal rules require that a complaint include a "short and plain statement" showing plaintiff is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  Yet, only plausible claims for relief will survive a motion to dismiss.  *Ashcroft v. Iqbal*, --- U.S. ----,129 S. Ct. 1937, 1950 (2009).  A claim is plausible if its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 1949.  A plaintiff does not have to provide detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.*  General allegations of discrimination or simply tracking statutory language is therefore insufficient to properly raise a claim for relief.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## DISCUSSION

**A.  Federal Claims**

Plaintiff pled two federal claims in her complaint.  Claim one is for violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq.  Claim three is for violation of the Federal Equal Pay Act, 29 U.S.C. § 206 et seq.  Plaintiff alleged that defendant subjected her to "different and unequal and harassing treatment" because of her sex and in retaliation against her because she filed EEOC and DFEH complaints. (Compl. ¶ 17.)  She further alleged that defendant paid her unequal wages as compared to her male counterparts in equivalent positions. (Compl. ¶ 21.)

Codiga's complaint fails to plead plausible federal claims.  She provides no factual allegations to support her allegations of discrimination, retaliation, and unequal pay.  Her complaint merely tracks the language of the applicable statutes.  Plaintiff does not present facts that allow the court to determine the plausibility of her claims.  Plaintiff's claims are thus conclusory, and the

United States District Court
For the Northern District of California

court dismisses her federal claims for failure to state a claim. Defendant's alternative motion for a more definite statement is therefore moot.

**B.     State Claims**

Plaintiff pled two state claims on similar grounds as her federal claims. The court declines to exercise supplemental jurisdiction over these claims unless and until plaintiff adequately pleads a federal claim. Accordingly, these claims are also dismissed without prejudice, and plaintiff may include them in an amended complaint that adequately states a federal claim.[3] As a result, defendant's motion to strike is moot.

**ORDER**

Based on the foregoing, IT IS ORDERED THAT:

1. The June 16, 2009 hearing is vacated.
2. Defendant's motion to dismiss plaintiff's complaint under Fed. R. Civ. P. 12(b)(6) is GRANTED WITH LEAVE TO AMEND. Plaintiff shall file an amended complaint within ten days of the date of this order.
2. The court declines to exercise supplemental jurisdiction over plaintiff's state law claims and dismisses those claims without prejudice under 28 U.S.C. § 1367.
3. Defendant's alternate motion for a more definite statement and its motion to strike are denied as moot.

Dated: June 10, 2009

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[3] In any such amended complaint, the court encourages plaintiff to consider whether the state claims also plead sufficient facts to raise plausible claims for relief.

3

**Notice will be electronically mailed to:**

Charles R Roe          crr@swr-law.com
Susan K. Blitch        blitchsk@co.monterey.ca.us

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.